# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 17-CR-83-LRR |
| vs. | **ORDER** |
| DAVID TACHAY HEARD, | |
| Defendant. | |

The matter before the court is Defendant David Tachay Heard's "Motion to Strike 'Nicknames' from Indictment" ("Motion") (docket no. 48), which Defendant filed on December 6, 2017. On December 13, 2017, the government filed a Resistance (docket no. 54).

On November 15, 2017, a four-count Superseding Indictment (docket no. 27) was filed against Defendant. The Superseding Indictment charges Defendant in his true name and also includes the aliases of "Tashay," "Kill Bro Heard" and "Kill Bro." *See* Superseding Indictment at 1. In the Motion, Defendant requests that the court strike this language from the Superseding Indictment. Alternatively, Defendant requests "that the government not be allowed to read or make reference to the purported nicknames," because they could prejudice the Defendant. Motion at 1.

It is no longer the court's practice to direct the government to read the indictment to the jury at the beginning of trial. Additionally, it is unclear at this time whether Defendant's aliases may be relevant at trial. *See United States v. Delpit*, 94 F.3d 1134, 1146 (8th Cir. 1996) (concluding that "[i]n some cases, the use of a defendant's irrelevant nickname to suggest his bad character or unsavory proclivities may be prejudicial," but, in other cases, the use of a defendant's nickname may be necessary to fully identify the

defendant).  Accordingly, the Motion is **DENIED**.  Defendant may reassert his argument in a proper pretrial motion.

    **IT IS SO ORDERED.**

    **DATED** this 28th day of December, 2017.

                       LINDA R. READE, JUDGE
                        UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF IOWA