# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 17-CR-83-LRR |
| vs. | **ORDER** |
| DAVID TACHAY HEARD, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant David Tachay Heard's pro se "Motion for Conviction to be Set Aside" ("Motion") (docket no. 183), which asks the court to reconsider its July 19, 2018 Order ("Order") (docket no. 171) denying Defendant's pro se "Missive to . . . Dismiss all Charges with Prejudice" ("First Motion to Dismiss") (docket no. 110) and Defendant's pro se "Mission to Dismiss all Charges with Prejudice" ("Second Motion to Dismiss") (docket no. 125) (collectively, "Motions to Dismiss").

## II. RELEVANT PROCEDURAL HISTORY

On November 15, 2017, a grand jury returned a four-count Superseding Indictment (docket no. 27) charging Defendant with: (1) possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 851; (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 922(c)(1)(A) and 924(c)(1)(C)(i); and (4) possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). *See* Superseding Indictment at 1-3. On January 22, 2018, a jury trial commenced. *See* January 22, 2018 Minute Entry (docket no. 76). On January 24, 2018, the jury found Defendant guilty of all counts charged in the Superseding Indictment. *See* Jury Verdict (docket no. 84).

On April 16, 2018, Defendant filed the First Motion to Dismiss. On April 24, 2018, Defendant filed the Second Motion to Dismiss. On June 19, 2018, the court held a hearing on the Motions to Dismiss. *See* June 19, 2018 Minute Entry (docket no. 169). Defendant appeared in court pro se. Defendant's standby counsel, Anne Laverty, was present at counsel table with Defendant during the hearing. Assistant United States Attorneys Timothy Vavricek and Lyndie Freeman represented the government. On July 19, 2018, the court issued the Order. On August 17, 2018, Defendant filed the Motion. On August 28, 2018, the government filed a Resistance (docket no. 184). The matter is fully submitted and ready for decision.

### III. ANALYSIS

In the Motion, Defendant argues that factual inaccuracies in the Complaint (17-MJ-315-LRR docket no. 2) render his Arrest Warrant (17-MJ-315-LRR docket no. 3) and his subsequent prosecution and conviction invalid. *See generally* Motion. Defendant made substantively the same argument in the Motions to Dismiss. *See* First Motion to Dismiss at 3; Second Motion to Dismiss at 4-5. In the Order, the court addressed this argument and found it to be without merit. *See* Order at 3-6. Defendant makes no new argument that would cause the court to reconsider its earlier decision. The court will, however, address the additional cases cited by Defendant.

Defendant cites *United States v. Greenberg*, 320 F.2d 467 (9th Cir. 1963) in support of his argument that a defective complaint can warrant dismissal of a case. *See* Motion at 1-3. Defendant misunderstands the holding of *Greenberg*. In *Greenberg*, the defendant moved to dismiss the indictment against him because it was filed after the statute of limitations had run. *See Greenberg*, 320 F.2d at 468. The government argued that the statute of limitations was extended because it had filed a complaint within the statutory period. *See id*. The Ninth Circuit Court of Appeals found that the complaint lacked probable cause, and that an invalid complaint could not be used to toll the statute of

limitations.  *See id*. at 472.  The defendant was, therefore, entitled to dismissal.  *See id*.  These circumstances are inapplicable to the present case.  Defendant has never raised a statute of limitations argument.[1]  As the court has previously found, the validity of the Complaint is immaterial to Defendant's case because any defect in the Complaint was rendered harmless by the Superseding Indictment, and further by his conviction.  *See* Order at 5-6.

Defendant also cites *Giordenello v. United States*, 357 U.S. 480 (1958) and *Di Bella v. United States*, 284 F.2d 897 (2d Cir. 1960), *vacated on other grounds*, 369 U.S. 121 (1962) as cases addressing the validity of criminal complaints.  *See* Motion at 3-7.  Neither *Giordenello* nor *Di Bella* applies to Defendant's case.  In each case, the defendant was challenging the validity of a criminal complaint because he sought to suppress evidence recovered incident to an arrest pursuant to that complaint.  *See Giordenello*, 357 U.S. at 481; *Di Bella*, 284 F.2d at 897-98.  In the present case, no evidence was recovered upon Defendant's arrest pursuant to the Complaint and Arrest Warrant.  Therefore, the validity of the Complaint has no bearing on the evidence that was offered against Defendant at trial.  Accordingly, the additional cases that Defendant cites give the court no reason to reconsider its previous ruling.

Finally, Defendant objects that the court treated the Motions to Dismiss as motions for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.  *See* Motion at 15 ("For the [r]ecord, my previous 'Motions' were Motions to Dismiss, [n]ot Judgements [sic] of Acquittal!").  Defendant also states that the Motion is "for conviction

---

[1]  To the extent that Defendant is now raising a statute of limitations argument, the court finds the argument to be baseless.  The crimes for which Defendant has been convicted took place on July 30, 2017.  *See* Superseding Indictment at 1-3.  The Superseding Indictment was filed on November 15, 2017.  The statute of limitations for the charges against Defendant requires that an indictment be filed within five years of the commission of the offense.  *See* 18 U.S.C. § 3282(a).  Therefore, the Superseding Indictment was timely filed.

3

to be set aside/reverse[d]" and is "not a Judgement [sic] of Acquittal." *Id*. As in the Motions to Dismiss, Defendant cites no rule of procedure or other legal authority that would authorize or prescribe the relief he requests. The court treated the Motions to Dismiss as motions for judgment of acquittal because "Rule 29 is the only rule that would permit the court to vacate the jury's verdicts and dismiss the Superseding Indictment." Order at 4. The court has treated the Motion as a motion for reconsideration because that is what it most closely resembles.

Because Defendant is proceeding pro se, the court has endeavored to liberally construe his filings despite their defects. *See United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) ("A document filed pro se is 'to be liberally construed.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))). However, "pro se litigants are not excused from compliance with relevant rules of . . . procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983); *see also Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). Defendant has failed to comply with the Federal Rules of Criminal Procedure in either the form or the timeliness of his filings. *See* Fed. R. Crim. P 12(b)(3)(B) (requiring a motion to dismiss indictment to be made before trial); Fed. R. Crim. P. 29(c)(1) (requiring a motion for judgment of acquittal to be made within fourteen days of trial); Fed. R. Crim. P. 47(b) (requiring a motion to "state the grounds on which it is based"). Nevertheless, the court addressed the Motions to Dismiss on their merits. Nothing in the Motion gives the court reason to reconsider its prior ruling. Defendant is not entitled the relief he seeks.

### IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 183) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 19th day of September, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
